UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | 2:99-CR-45 |
| LONNIE D. CARPENTER | ) | JUDGE GREER |
| SHEILA A. CARPENTER | ) | |

# FINAL ORDER OF FORFEITURE

**1. Indictment.** On July 27, 1999, a two-count Indictment was filed against the defendants LONNIE D. CARPENTER and SHEILA J. CARPENTER charging the defendants with violations of Title 21, United States Code, Section 841(a)(1), unlawful manufacturing of marijuana, a Schedule I controlled substance; Section 841(b)(1)(B) and manufacturing in excess of 100 marijuana plants, a Schedule I controlled substance; and Section 853. The Forfeiture paragraph following Count One provided that the defendants, pursuant to Title 21, United States Code, Section 853, shall forfeit any property used to facilitate the violation of Count One, as well as any property constituting or derived from proceeds obtained from the violation charged in Count One, including but not limited to: the tract of real property of defendants LONNIE D. CARPENTER and SHEILA J. CARPENTER, located in the 2nd Civil District of Hawkins County, Tennessee, as recorded in the Register's Office for Hawkins County in Deed Book 357 at page 333, and also known as 4004 Choptack Road, Rogersville, Tennessee, excluding the 1991 mobile home fixed on said real property.

**2. Jury Trial.** On June 29, 2000, the case went to trial and the defendants were found guilty of Count One of the Indictment and the jury unanimously found the defendants owned or

had an interest in the real property described in paragraph 1, above, and that the property was used to commit or to facilitate the commission of the defendants' drug violations.

      **3. Preliminary Order of Forfeiture.** On October 3, 2000, this Court entered a Preliminary Order of Forfeiture pursuant to the conviction of the defendants, LONNIE D. CARPENTER and SHEILA A. CARPENTER, forfeiting to the United States, pursuant to Title 21, United States Code, Section 853, their interest in the property described in paragraph 1, above, as property which was used in any manner to commit and to facilitate the commission of the offenses alleged in Count One of the Indictment.

      **3. Sentencing and Judgment.** The defendants were sentenced on February 12, 2001, and judgments were filed and entered against the defendants on March 13, 2001, ordering partial forfeiture of the defendants' property (six acres instead of the entire 100 acres) as directed by a March 7, 2001 district court order.

      **4. Notice of Appeal.** On March 30, 2001, a Notice of Appeal of the Final Judgment was filed by the United States. The Government contended that forfeiture of the entire property was mandatory and that the district court erred in ordering only a partial forfeiture of the defendants' property.

      **5. Writ of Certiorari and Mandate.** On January 16, 2003, the Sixth Circuit Court of Appeals rendered a decision in favor the United States, and on March 9, 2004, the judgment of the original panel was reinstated, and the case was remanded to the district court for forfeiture in accordance with the opinion of the appeals court, which agreed with the government's contention that the district court had erred in ordering only a partial forfeiture of the defendants' property. On March 15, 2004, the appellants filed a motion to stay the mandate. On March 19,

2004, an Order was entered granting the motion.  On July 1, 2004, a U.S. Supreme Court notice regarding a petition for writ of certiorari was filed by Appellant Cross-Appellee Sheila J. Carpenter in 01-5370. On October 29, 2004, a U.S. Supreme Court letter was filed denying the petition for writ of certiorari.  On November 1, 2004, a mandate issued.

      **6.  Agreed Preliminary Order of Forfeiture.**  On November 15, 2004, this Court entered a second Preliminary Order of Forfeiture pursuant to the convictions of the defendants, LONNIE D. CARPENTER AND SHEILA J. CARPENTER, forfeiting to the United States, pursuant to Title 21, United States Code, Section 853, their interest in the property described in paragraph 1, above, which was used in any manner to commit and to facilitate the commission of the offenses alleged in Count One of the Indictment.

      **7. Publication of Notice.**  Pursuant  to Title 21, United States Code, Section 853(n)(1), and the Preliminary Order of Forfeiture, Notice of Forfeiture as to the property described in paragraph 1, above, was published in the *Rogersville Review*, a newspaper of general circulation in Hawkins County, Tennessee, for three insertions commencing on January 22, 2005, and ending on February 5, 2005.

      The Notice of Forfeiture advised that any person, other than the defendants LONNIE D. CARPENTER and SHEILA A. CARPENTER, having or claiming a legal interest in the defendant property described herein, must file a petition with the Court within thirty (30) days of the final publication of the notice.  The notice further provided that the petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the defendant property and any additional facts supporting

the petitioner's claim and the relief sought. Proof of Publication for the *Rogersville Review* was filed with the clerk of this court on March 14, 2005.

**8. Personal Service.** In addition, the United States provided service by mail to all known potential claimants as follows:

| Party Name | Date of Service |
|---|---|
| a. Lonnie D. Carpenter | 02-09-05 |
| b. Sheila Carpenter | 09-09-05 |
| c. Marion Wallace Porter c/o Michael D. Stice, Attorney | 02-09-05 |
| d. Hawkins County Trustee's Office (property taxes) | 02-11-05 |

**9. Third Party Claims.** The following petitions were filed in response:

a. On February 18, 2005, a Petition was filed by the Hawkins County Trustee's Office as to the property taxes due on the tract of land described in paragraph 1, above, Tax Parcel Identification No. 111-111-044.00. According to the Petition, the outstanding balance on the debt to Hawkins County, Tennessee is as follows: for 2003 taxes, $368.16; for 2004 taxes, $328.00, or a total of $696.16. [R. 212]. The United States has no objection to the recognition of this claim, and the monetary amount, including interest and penalties, if any, will be assessed by the United States Marshal's Office upon entry of this Final Order.

b. On March 7, 2005, a Petition For Hearing to Adjudicate Interest in Real Property Subject to Forfeiture was filed by Marion Belinda Shields, Trustee of the Marion Wallace Porter Family Trust, represented by attorney Michael D. Stice. [R. 214]. According to the Petition filed by Marion Belinda Shields, Trustee, the aforesaid promissory note, which was executed by defendants Lonnie D. Carpenter and Sheila A. Carpenter and secured by a deed of trust on the

-4-

property described in paragraph 1, above, is in default. As of March 1, 2005, the amount owing on said note was $17,881.01, consisting of principal in the amount of $17,422.61 and interest in the amount of $458.40, with interest accruing on the unpaid balance at the rate of $3.82 per day. The Petition also represented that the note provided for reasonable attorney fees for collection in the event of default, and the Petitioner requested attorney fees of $4,470, equal to 25% of the amount due under the note as of March 1, 2005. The United States has no objection to the recognition of this claim.

No other person, corporation or entity has filed a claim to the property described herein.

THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED:

1. That the interest of Hawkins County, Tennessee in the above-described property for property taxes is hereby recognized;

2. That the interest of Marion Belinda Shields, Trustee of the Marion Wallace Porter Family Trust, for the amount owing on the promissory note described in paragraph 7.b. above, that is, $17,881.01, consisting of principal in the amount of $17,422.61 and interest in the amount of $458.40, with interest accruing on the unpaid balance at the rate of $3.82 per day and attorney fees of $4,470, is hereby recognized;

3. That the following property be and the same is hereby forfeited to the United States pursuant to Title 21, United States Code, Section 853, as property that was used in any manner to commit and to facilitate the commission of Title 21, U.S.C. Section 841(a)(1); or as real property constituting or derived from any proceeds obtained directly or indirectly by the defendants as a result of the manufacture and sale of marijuana, a Schedule I, controlled substance, and all right, title and interest in and to said properties be and the same is hereby vested in the United States: the tract of real property of defendants LONNIE D. CARPENTER and SHEILA J.

CARPENTER, located in the 2nd Civil District of Hawkins County, Tennessee, as recorded in the Register's Office for Hawkins County in Deed Book 357 at page 333, and also known as 4004 Choptack Road, Rogersville, Tennessee, excluding the 1991 mobile home fixed on said real property.

4. That the United States Marshals Service, as custodian, shall dispose of said forfeited property according to law, with the claims of the Hawkins County Trustee's Office, Hawkins County, Tennessee, and of Marion Belinda Shields, Trustee of the Marion Wallace Porter Family Trust, for the amount owing on the promissory note described in paragraph 7.b. above, that is, $17,881.01, consisting of principal in the amount of $17,422.61 and interest in the amount of $458.40, with interest accruing on the unpaid balance at the rate of $3.82 per day and attorney fees of $4,470, hereby recognized as being valid claims to be paid out of the proceeds of the sale of the above-described property, after deduction of the expenses and costs incurred by the U.S. Marshals Service in connection with the sale of said property.

5. That the Clerk of this court shall provide the United States Attorney's Office, Greeneville, Tennessee and United States Marshal's Service, Knoxville, Tennessee with a certified copy of this Final Order of Forfeiture.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

Submitted by:

HARRY S. MATTICE, JR.
United States Attorney

By: /s/ D.R. Smith
 D.R. SMITH
 Assistant U.S. Attorney